IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of: | ) ) ) | No. 41018-8-III |
| MARK JAMEY BREMER, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

HILL, J. — The Department of Corrections (DOC) issued Mark Bremer two serious violations under WAC 137-25-030(813) and (814) while he was in the Graduated Reentry Program (GRE). A DOC hearing officer found Bremer guilty of both infractions. The DOC revoked some of Bremer's good-time credits as a result.

Bremer now brings this personal restraint petition (PRP) seeking reversal of the 814 violation and the restoration of his good-time credits. He argues his due process rights were violated during the infraction proceeding. He further argues that WAC 137-25-030(814) applies only to individuals in work/training release programs and not to those in GRE.

We conclude Bremer was afforded all required due process protections in his infraction proceeding. We also conclude WAC 137-25-030(814) applied to Bremer while he was in GRE. We deny his PRP.

BACKGROUND

Mark Bremer was serving a sentence for burglary in the second degree when he was allowed to participate in a GRE beginning on April 3, 2024. Bremer was required to obtain employment in the community as a GRE participant.

By May 31, Bremer had not obtained employment. DOC mailed Bremer a letter reminding him that DOC officials had spoken with him about this issue several times. The letter also stated DOC was imposing a condition that he gain full-time employment no later than June 20, 2024. When the date passed without Bremer securing employment, DOC issued two violations under WAC 137-25-030(813) and (814). Only the 814 violation is relevant to this PRP. An inmate commits an 814 violation when they violate a special condition—in this case, securing employment—imposed by DOC while in partial confinement. *See* WAC 137-25-010, -030(814).

At Bremer's violation hearing, the DOC hearing officer found Bremer guilty of the 814 violation. Bremer appealed the decision to the DOC Appeals Panel. The Appeals Panel upheld the 814 violation. Bremer then filed this PRP in February 2025. He was released from DOC custody in April 2025.

ANALYSIS

*Mootness*

DOC argues that we should dismiss this appeal on mootness grounds. "An issue is moot if 'a court can no longer provide effective relief.'" *Doe v. Thurston County*, 4 Wn.3d 906, 916, 569 P.3d 1101 (2025) (quoting *AURC III, LLC v. Point Ruston Phase II, LLC*, 3 Wn.3d 80, 86, 546 P.3d 385 (2024)). DOC argues this court cannot afford Bremer meaningful relief since he has been released from confinement and the relief he seeks is the restoration of lost "good time." Resp. of DOC at 1-2. We disagree. An infraction imposes not only the restraint of possible physical confinement but also imposes "a shadow over an inmate's institutional history" that can be used against an inmate when determining future sanctions on later infractions. *Kozol v. Dep't of Corr.*, 185 Wn.2d 405, 410-11, 379 P.3d 72 (2016); *see also* WAC 137-28-350(3). So, while Bremer has been released, the 814 infraction could still be used against him in the future. We therefore address his PRP on the merits.

*Unlawful Restraint*

Bremer argues DOC violated his right to due process because a correctional officer prevented his witness from testifying at the infraction hearing, and a correctional

officer refused to approve the employment he had found.[1]  We conclude Bremer was

afforded the requisite due process.

"The federal and Washington State constitution contain identical clauses

prohibiting the state from depriving any person of life, liberty, or property, without due

process of law." *In re Est. of Hayes*, 185 Wn. App. 567, 603, 342 P.3d 1161 (2015); *see*

*also* U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3.  Inmates have a liberty interest

in good time credits.  *In re Pers. Restraint of Erickson*, 146 Wn. App. 576, 583, 191 P.3d

917 (2008); *In re Pers. Restraint of Gronquist*, 138 Wn.2d 388, 397, 978 P.2d 1083

(1999).

"A personal restraint petitioner has the burden of proving constitutional error that

results in actual prejudice or nonconstitutional error that results in a miscarriage of

justice." *In re Pers. Restraint of Waggy*, 111 Wn. App. 511, 518, 45 P.3d 1103 (2002).

For a petitioner to obtain the relief they seek through a PRP, they "must show that more

---

[1] Bremer also argues his due process rights were violated because he was "shackled" during the hearing.  PRP at 14.  Shackling may violate due process in a courtroom setting, *see State v. Luthi*, 2 Wn.3d 249, 549 P.3d 712 (2024), but Bremer provides no authority to extend this rule to a DOC violation hearing.  Even if we were to do so and found shackling was in error in this case, the error would be harmless.  The hearing officer addressed the restraints and indicated, "This is part of my job.  I see people in jails, in prisons, in restraints, this doesn't stand out as notable to me . . . I make a decision based on the information and the testimony provided right here and now . . . you being in restraints you being in a confinement setting . . . that's part of my job. . . ." DOC's Suppl. Resp., Ex. 1 at 42.

likely than not he was prejudiced by the error. Bare allegations unsupported by citation

of authority, references to the record, or persuasive reasoning cannot sustain this burden

of proof." *State v. Brune*, 45 Wn. App. 354, 363, 725 P.2d 454 (1986).

An inmate is afforded due process in a prison disciplinary proceeding if they:

> (1) receive notice of the alleged violation; (2) be provided an
> opportunity to present documentary evidence and call witnesses when
> not unduly hazardous to institutional safety and correctional goals; and
> (3) receive a written statement of the evidence relied upon and the reasons
> for the disciplinary action.

*Gronquist*, 138 Wn.2d at 396-97. Due process also requires that the conclusion of the

disciplinary proceeding to revoke good time credits be supported by "some evidence."

*Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct.

2768, 86 L. Ed. 2d 356 (1985). This standard is met if there is "some reasonable

connection between the evidence and the inmate in order to support actions taken by the

prison disciplinary board." *In re Pers. Restraint of Anderson*, 112 Wn.2d 546, 549, 772

P.2d 510 (1989).

DOC provided Bremer with notice of the alleged infraction via an infraction report

dated June 21, 2024, and Bremer signed the report, affirming he understood the

allegations, on July 2, 2024. An infraction hearing was held, at which time Bremer

testified on his own behalf and presented a defense. Bremer alleges DOC prevented his

witness from testifying, but the record shows Bremer was allowed to call witnesses and

5

did so. The hearing officer set forth in writing the findings and reasons as to why it found him guilty of the violation.

The hearing officer's determination that Bremer was guilty of an 814 violation for not obtaining a job by June 20, 2024, is supported by "some evidence." This evidence included chronological reports, case manager testimony, and e-mails showing that Bremer only had a conditional job offer and had not met all the conditions to begin work by the deadline. We therefore conclude that Bremer was afforded all required due process protections in the infraction proceeding.

*GRE vs. Work/Training Release*

Bremer also argues that WAC 137-25-030(814) did not apply to him because he was in GRE and not in work/training release. Bremer provides no authority to support this argument. On the contrary, WAC 137-25-010 indicates that incarcerated individuals in partial confinement are subject to serious violations, which include those under WAC 137-25-030(34). "Partial confinement" can include GRE.[2] *See* RCW 9.94A.030(35).

---

[2] "Partial confinement" also includes work release, home detention, work crew, and electronic monitoring. DOC submitted information that GRE participants are on electronic monitoring and must live at an approved address.

CONCLUSION

We conclude Bremer's arguments are without merit and deny his PRP.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Murphy, J.

7